OPINION
{¶ 1} Defendant-appellant American and Foreign Insurance Company appeals from the December 12, 2002, and December 20, 2002, Judgment Entries of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 8, 1998, Daniel Mason, the decedent, was killed when the motorcycle he was operating was struck by an automobile operated by Janelle Brown. At the time of the accident, the decedent was operating his own motorcycle on personal business. The decedent was survived by his son, appellee Heath Mason, with whom he resided, and two sisters.
 {¶ 3} At the time of the accident, the decedent was employed by the Timken Company. The Timken Company was the insured under two policies of insurance issued by appellant American and Foreign Insurance Company (hereinafter "AFIC"). Specifically, the Timken Company was the named insured on a commercial automobile liability policy issued by AFIC providing coverage in the amount of five million dollars and was the named insured on a commercial general liability policy (CGL) issued by AFIC which provided liability coverage in the amount of five million dollars.
 {¶ 4} In 1999, appellee Heath Mason, who had been appointed Executor of his father's Estate, settled, in his capacity as Executor, with the tortfeasor's insurance company in the amount of $100,000.00, the tortfeasor's liability policy limits. Appellee Heath Mason executed a release of all claims against the tortfeasor.
 {¶ 5} Subsequently, on February 21, 2001, appellee Heath Mason, Individually and as Executor, filed a complaint for declaratory judgment against appellee AFIC, among others, in the Stark County Court of Common Pleas. Appellee, in his complaint, sought underinsured motorist (UIM) coverage under the insurance policies that appellant AFIC had issued to the Timken Company, the decedent's employer. Both appellee and appellant filed Motions for Summary Judgment.
 {¶ 6} As memorialized in a Judgment Entry filed on December 12, 2002, the trial court found that the decedent and his Estate were entitled to UIM coverage under both the automobile liability policy and the CGL policy issued by appellant to the Timken Company "in the limit amount of $5,000,000.00". Thereafter, on December 20, 2002, the trial court issued a Nunc Pro Tunc Judgment Entry adding final appealable order language.
 {¶ 7} It is from the trial court's December 12, 2002, and December 20, 2002, Judgment Entries that appellant now appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred in denying AFIC'S motion for summary judgment relative to its commercial automobile and CGL policies issued to the Timken Company.
 {¶ 9} "II. The trial court erred by failing to address whether AFIC'S policies were one year or three year policies.
 {¶ 10} "III. The trial court erred by denying defendant AFIC'S motions for summary judgment insofar as it held that AFIC'S CGL policy is a "Motor Vehicle Policy of Insurance" subject to R.C. 3937.18.
 {¶ 11} "IV. The trial court erred by holding that the decedent and his estate qualify as insureds for any UM/UIM coverage implied by operation of law into the AFIC'S CGL policy.
 {¶ 12} "V. The trial court erred by holding that the UM/UIM rejection form whereby the Timken Company rejected UM/UIM coverage under AFIC'S Commercial Automobile Liability Policy at issue was invalid.
 {¶ 13} "VI. The trial court erred in holding that the decedent, Daniel Mason, was an insured under afic's business Automobile Policy when coverage is imposed as a matter of law.
 {¶ 14} "VII. The trial court erred by failing to recognize that AFIC is entitled to a declaration that timken is self-insured in the practical sense and the auto and CGL policies are not subject to R.C.3937.18.
 {¶ 15} "VIII. The trial court erred by failing to recognize that AFIC is entitled to a declaration that plaintiff-appellee is subject to the $1.5 million dollar deductibles set forth in AFIC'S CGL and Commercial Automobile policies issued to the Timken Company.
 {¶ 16} "IX. The trial court erred in failing to address if, heath mason, individually and as executor of the estate of Daniel Mason, breached the terms and conditions of AFIC'S policies by failing to provde prompt notice and subsequent destruction of AFIC'S subrogration rights.
 {¶ 17} "X. The trial court erred in finding that plaintiff is entitled to UM/UIM coverage under the AFIC'S policies despite the fact that plaintiff is not legally entitled to recover damages from the tortfeasor, a precondition of UM/UIM coverage."
 STANDARD OF REVIEW {¶ 18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 19} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 20} It is based upon this standard that we review appellant's assignments of error.
 I, IV, VI {¶ 21} Appellant, in its first assignment of error, argues that the trial court erred in denying appellant's Motion for Summary Judgment relative to the commercial automobile and CGL policies issued to the Timken Company. Appellant, in its fourth assignment of error, contends that the trial court erred in holding that Daniel Mason, the decedent, and his Estate qualify as insureds for any UM/UIM coverage implied by operation of law into the CGL policy. Finally, appellant, in its sixth assignment of error, maintains that the trial court erred in holding that Daniel Mason, the decedent, was an insured under AFIC's business automobile policy.
 {¶ 22} In the case sub judice, the decedent, Daniel Mason, was killed while operating his own motorcycle on personal business. The Ohio Supreme Court, in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256 recently held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 23} In the case sub judice, Daniel Mason, the decedent, did not sustain an injury in the course and scope of his employment. Therefore, assuming, arguendo, that the business automobile and CGL policies provided UM/UIM coverage to the Timken Company by operation of law or otherwise, neither the decedent nor appellee would be an insured thereunder since there is no language in the business automobile and CGL policies to the contrary.
 {¶ 24} Appellant's first, fourth and sixth assignments of error are, therefore, sustained.
 II, III, V, VII, VIII, IX, X {¶ 25} Based on our disposition of appellant's first, fourth, and sixth assignments of error, the above assignments of error are moot.
 {¶ 26} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant American and Foreign Insurance Company on its motion for summary judgment regarding its commercial automobile liability policy and commercial general liability policy issued to the Timken Company.
Edwards, J, Gwin, P.J. and Hoffman, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. Judgment is granted to American and Foreign Insurance Company on its motion for summary judgment regarding its commercial automobile liability policy and commercial general liability policy issued to the Timken Company. Costs assessed to appellees.